IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50654
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THOMAS EUGENE DAVIS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(MO-97-CR-73-ALL)
- - - - - - - - - -

May 7, 1999

Before SMITH, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Thomas Eugene Davis appeals his convictions for furnishing false information in the acquisition of firearms, pursuant to 18 U.S.C. § 922 (a)(6), and for possession of a firearm while unlawfully using a controlled substance, pursuant to 18 U.S.C. § 922(g)(3). He also appeals his sentence. Davis insists that the evidence is insufficient to support his convictions. Specifically, he contends that the government did not prove that he was a user of illegal marijuana. Davis argues that

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the two witnesses who testified that he used marijuana were not credible. Our review of the sufficiency of evidence does not include review of the weight of the evidence or the credibility of the witnesses. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

Davis argues further that district court abused its discretion by admitting (1) his nolo contendere plea to a previous charge of possession of marijuana, and (2) testimony regarding an additional uncharged incident of marijuana possession. Although we agree that such evidence was inadmissible on the issue of Davis's marijuana use, the district court's error was harmless in light of the evidence of Davis's guilt. See United States v. Williams, 957 F.2d 1238, 1244 (5th Cir. 1992). Davis also asserts, without citation to the record or legal authority, that although a urinalysis that tested positive for marijuana was admissible to impeach his credibility, such admission severely damaged him. Davis has failed to brief his argument, so it will not be considered on appeal. Brinkmann v. Dallas Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Davis advances several arguments directed at the district court's admonishment of defense witnesses regarding their Fifth Amendment right against self-incrimination. He argues that but for the court's admonishments, the witnesses would have testified on his behalf, and that had defense witness Quincy Hubert testified, he (Davis) would not have had to testify on his own behalf. Davis also argues, without citation to authority, that defense witness

Jody Thomas was incorrectly advised of his Fifth Amendment rights and that the Supreme Court has "disapproved any practice of forcing a waiver of the right against self-incrimination for many years." Davis does not indicate whether he is referring to himself or to Hubert and Thomas.  As Davis is represented by counsel, his brief is not entitled to the same liberal construction that we afford pro se pleadings.  See Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986). And, as Davis has not sufficiently briefed the foregoing arguments on appeal, they are deemed abandoned.  Brinkmann, 813 F.2d at 748.

Regarding his sentence, Davis claims that the district court erred by enhancing his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1.[1]  We review for clear error a district court's factual under § 3C1.1 that a defendant has obstructed justice. United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1995).  The district court's finding that a defendant obstructed justice by giving perjurious testimony is sufficient if the finding of an obstruction or impediment of justice "encompasses all of the factual predicates for a finding of perjury." Id. (citing United States v. Dunnigan, 507 U.S. 87, 95 (1993)).  A witness testifying under oath commits perjury by giving "'false testimony concerning a material matter with the willful intent to provide false

---

[1]Davis also argues that because U.S.S.G. § 3C1.1 does not give guidance to attorneys about how they should advise their clients with regard to telling the truth, it rendered his counsel ineffective.  Inasmuch as Davis has failed to support his contention with any legal authority, he has failed to brief it on appeal.  Brinkmann, 813 F.2d at 748.

testimony, rather than as a result of confusion, mistake or faulty memory.'" Id. (quoting Dunnigan, 507 U.S. at 94).

Inasmuch as marijuana use is an element of each of the crimes under which Davis was convicted, the record is sufficient to uphold an implicit finding of materiality by the district court. See United States v. Como, 53 F.3d 87, 90 (5th Cir. 1995). Moreover, the presentence investigation report (PSR), which the district court adopted, indicates that the enhancement was applicable because "Davis committed perjury by taking the stand and denying the use of marijuana." On express adoption of the findings in the PSR, such findings are treated as those of the sentencing judge. See United States v. Cabral-Castillo, 35 F.3d 182, 186-87 (5th Cir. 1995). Based on the foregoing, the sentencing court's finding of an obstruction of justice "encompassed all the factual predicates for a finding of perjury." See id. Accordingly, the district court did not err in enhancing Davis' sentence under § 3C1.1.

For the foregoing reasons, Davis's convictions and sentence are, in all respects,

AFFIRMED.